**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 06-4019

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ZACHARY JEREMIAH HOOVER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, District Judge. (CR-05-75)

---

Submitted: October 31, 2006          Decided: November 3, 2006

---

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Zachary J. Hoover appeals the 18-month sentence imposed after he pled guilty, pursuant to a plea agreement, to a criminal information charging him with sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a) (2000). We affirm.

Hoover's sole argument on appeal is that the Government breached the plea agreement by stating to the court at sentencing that the court did not need to decide whether Hoover should register as a sex offender. Hoover did not object below, and he must therefore demonstrate plain error before he can obtain any relief. See United States v. Fant, 974 F.2d 559, 562 (4th Cir. 1992) (applying plain error analysis in context of breach of plea agreement). In order to do so, Hoover must establish the breach was "'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) (quoting Fant, 974 F.2d at 565). Our review of the record convinces us that the Government did not breach the plea agreement in responding to the district court's questions at sentencing.

Accordingly, we affirm Hoover's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED